IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARK B. LEVY, et al.          :
                              :
     v.                       :   Civil Action No. DKC 06-2598
                              :
CITY OF NEW CARROLTON, et al. :
                              :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is a motion for review of the Clerk's Order of Taxation filed by Plaintiffs Mark B. Levy and Stanley Levy. (ECF No. 178). The relevant issues have been briefed, and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiffs' motion will be denied.

**I.   Background**

On March 17, 2009, the court granted summary judgment in favor of all defendants as to some of the claims raised by Plaintiffs in their amended complaint and in favor of certain defendants as to all claims. The only claims that remained – *i.e.*, those alleging violations of 42 U.S.C. § 1983 against Defendants Marc Butler, David Ladd, and Vincent Lyew – came on for trial before a jury, which returned a verdict in favor of Defendants. On July 30, 2010, the court entered a final judgment in accordance with the jury's verdict. Plaintiffs

filed an appeal from that judgment in the United States Court of Appeals for the Fourth Circuit on August 13, 2010.

On August 13, 2010, Defendants filed a bill of costs, along with a supporting memorandum and exhibits, seeking a total of $6,842.46.  (ECF No. 161).  Plaintiffs opposed the bill of costs, arguing, *inter alia*, that it "should be denied at this time to permit the Fourth Circuit an opportunity to weigh various legal issues on appeal." (ECF No. 163 ¶ 1).  In their reply papers, Defendants acknowledged that the court's Guidelines for Bills of Costs provide that "the Clerk will not review Defendants' taxation request until after the appellate mandate issues," but asserted that Plaintiffs' argument in this regard was "premature and should be rejected." (ECF No. 167, at 2).

On July 26, 2011, despite the fact that Plaintiffs' appeal was still pending, the clerk entered an order taxing costs in favor of Defendants in the amount of $5,943.11.  (ECF No. 177).  The order did not address Plaintiffs' argument that costs should not be taxed until the appellate mandate issued.  It awarded Defendants (1) $700.00 for the removal of two cases from the Circuit Court for Prince George's County to this court, (2) $5078.11 for transcript fees, and (3) $165.00 for copying costs.

On August 5, 2011, Plaintiffs filed the pending motion for review of the bill of costs taxed by the clerk.  (ECF No. 178).

2

In response, Defendants asked the court to stay resolution of the motion until the appellate mandate was issued. Plaintiffs agreed, and on August 26, 2011, the court ordered a stay Plaintiffs' motion for review pending the issuance of the appellate mandate by the Fourth Circuit. (ECF No. 182). On January 30, 2012, the Fourth Circuit affirmed the judgment of the district court in an unpublished opinion. *See Levy v. City of New Carrollton*, Nos. 10-2009, 10-2011, 2012 WL 256055 (4th Cir. Jan. 30, 2012). On February 14, 2012, the appellate mandate was stayed pending resolution of a petition for rehearing. The petition for rehearing was denied on February 28, 2012, and the appellate court's mandate was issued on March 7, 2012.[1]

**II. Analysis**

Under Rule 54, a district court judge may review the clerk's taxation of costs if a motion is served within seven days of the clerk's order. Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) also states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party."

---

[1] Both parties submitted status reports within seven days of the issuance of the appellate mandate, as previously directed by the court. (ECF No. 182). Plaintiffs request in their report taxation of costs associated with related appeals in state court and an extension of time for the parties to attempt to reach agreement regarding incorporating such costs. These requests will be denied.

While not every expense of litigation may be recovered, those costs enumerated in 28 U.S.C. § 1920, among others, may be taxed. According to that section,

> A judge or clerk of any court of the United States may tax as cost the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

Here, Defendants, as the prevailing party, sought, and were granted taxation for: (1) the clerk's fees for removal of two cases from the Circuit Court for Prince George's County; (2) the transcript fees for the depositions of Mark Levy, Jeff Hughes, Stanley Levy, Andrew Hanko, John Schaffer, David Rice, David

Ladd, Mark Butler, Vincent Lyew, Amy Burkett, Andrew Hanko as an agent for the City of New Carrollton, David Rice as an agent for the City of New Carrollton, Skaria Abraham as an agent for the city of New Carrollton, Mark LaTour, William Wyant, Charles Walker, Ronald Rozier, and Shirley Levy; and (3) copying costs. In the instant motion, Plaintiffs challenge the clerk's order with regard to taxation of the removal and transcript fees only.

Plaintiffs argue that "[t]he $700 in removal filing fees should be denied by this [c]ourt as this alleged [c]ost was not 'necessarily incurred.'" (ECF No. 163 ¶ 3). As the clerk observed in the underlying order, however, "removal fees are a statutory entitlement under 28 U.S.C. § 1920(1), which does not require that a removal fee be 'necessarily incurred.'" (ECF No. 177, at 2). Thus, the clerk properly taxed the full amount of $700.00 – $350 per case – for removal fees.

Plaintiffs' "main fee contention" relates to the taxation of deposition transcript fees, which they argue were also not "necessarily incurred." (*Id*. at ¶ 4). Like removal fees, deposition costs may be recovered pursuant to § 1920. *See Advance Bus. Sys. & Supply Co. v. SCM Corp.*, 287 F.Supp. 143, 162, 165 (D.Md. 1968), *aff'd* 415 F.2d 55 (4th Cir. 1969). To determine if deposition costs are taxable, the court should consider the extent of use of each deposition in pre-trial motions, in cross examination, and otherwise, and assess whether

it was reasonably necessary to the party's case at the time it was taken. *Id.* at 165. It is not necessarily fatal to taxation that the depositions were not introduced or otherwise used at the trial. *Id.* The Guidelines for Bills of Costs provided by the clerk's office provides that (1) transcripts of a party to the case, (2) transcripts of a person who testified at trial, (3) transcripts used in support of a motion, and (4) transcripts of an opposing party's noticed deposition are all commonly taxable court reporter fees. *See* Guidelines for Bills of Costs § II(D)(1)(c)-(f), (k) (2d Ed. Aug. 2011) ("Guidelines").

Plaintiffs contend that the transcript fees were not "necessarily incurred" for use at trial, and that they were merely "extra copies." (ECF No. 163 ¶¶ 4-5). This argument is unavailing because, as the clerk noted, "all of the requested transcripts are of deponents who are either parties to the case, testified at trial, or were noticed by the opposing party." (ECF No. 177, at 3).[2] As such, these costs are taxable under both the statute and the Guidelines, and the clerk appropriately awarded Defendants $5,078.11.

---

[2] Deponents Mark Levy, Jeff Hughes, Stanley Levy, Andrew Hanko, John Schaffer, David Rice, David Ladd, Mark Butler, Vincent Lyew, Amy Burkett, Andrew Hanko as an agent for the City of New Carrollton, David Rice as an agent for the City of New Carrollton, and Skaria Abraham as an agent for the City of New Carrollton were all parties to the case. Deponents Mark LaTour, William Wyant, Charles Walker, and Ronald Rozier were noticed by the opposing party. Deponent Shirley Levy testified at trial, and Plaintiff did not oppose awarding costs for her transcript.

**III. Conclusion**

For the foregoing reasons, Plaintiffs' motion will be denied. A separate order will follow.

```
            _____/s/_____
            DEBORAH K. CHASANOW
            United States District Judge
```